IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RENEE PRYOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-5840 |
| | ) | |
| UNITED AIR LINES, INC., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Renee Pryor filed suit against Defendant United Air Lines, Inc., alleging race and sex discrimination, harassment, and retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. United has moved to dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the case to the Southern District of Texas or the Eastern District of Virginia under 28 U.S.C. §§ 1404(a) or 1406(a) [22]. For the following reasons, the Court grants in part and denies in part United's motion [22]. The Court declines to dismiss the case but grants Defendant's request to transfer the case to the Eastern District of Virginia. The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Virginia. The Court denies as moot Defendant's other pending motion to dismiss [12], which Defendant may re-file in the Eastern District of Virginia if it so chooses.

**I.        Background**

Plaintiff Renee Pryor is employed by Defendant United Air Lines, Inc. as a flight attendant. Plaintiff has sued her employer asserting claims for race and sex discrimination, harassment, and retaliation under Title VII, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981.

1

According to her complaint, Plaintiff twice received threatening and racist letters in her company mailbox at the Washington-Dulles Airport. After receiving the threats, Plaintiff alerted her supervisor, human resources, and the Washington-Dulles Airport police. Plaintiff also mailed complaints to Defendant's Employee Service Center at its corporate headquarters in Chicago. Plaintiff's complaint further alleges that she was harassed by non-African-American flight attendants based on a rumor that female African-American flight attendants based at Dulles were involved in prostitution.

Defendant moved to dismiss Plaintiff's complaint under Rule 12(b)(3) or to transfer the case to the Southern District of Texas or the Eastern District of Virginia under 28 U.S.C. § 1404(a) (if venue is proper in this district) or § 1406(a) (if venue is improper in this district). Defendant argues that venue is improper in this district—and so the case should be dismissed under Rule 12(b)(3)—because it is not where the allegedly unlawful employment practices occurred or where Plaintiff's employment records are kept, nor is it where Plaintiff would have worked but for the alleged unlawful employment actions. Alternatively, Defendant argued that the Court should transfer the case to the Southern District of Texas, where Plaintiff currently resides and where her personnel file is located.

Plaintiff countered that venue is proper in this district because she sent her complaints to Defendant's corporate headquarters in this district, her records are stored at Defendant's headquarters, and the alleged unlawful employment action occurred in this district when Defendant allegedly failed to "prevent, investigate and correct the harassment." Although Plaintiff resides in the Southern District of Texas, she opposed Defendant's argument that the Southern District of Texas is a more convenient venue.

When the Court reviewed Defendant's motion, as well as supplemental authority submitted by Defendant in which another judge in this district transferred a similar case to the Eastern District of Virginia, the Court considered whether or not the Eastern District of Virginia may be the most convenient district. Although neither party argued that the case should be heard in Virginia—where Plaintiff was based at the time of the incident, received the racist threats, and the incidents to her supervisor and the police—this possibility appeared to have dawned on Defendant in its reply brief where it argued that the Eastern District of Virginia would also be a proper venue because "[t]he crux of this case is the alleged failure of Dulles-based managers to take action in response to Plaintiff's complaint. Those managers, including Mary Kay Panos, Richard Reyes, Alex Barreto, George Bellomusto, and Denise Robinson-Palmer are all based at Washington-Dulles Airport in Dulles, Virginia. * * * Alice Zauner, Human Resources Manager, Corporate, investigated one of Pryor's complaints (with the help of local management) and another Manager, Human Resources, who is based in Dulles, investigated her second complaint." United Reply at 6. Because Defendant raised the possibility of transfer to the Eastern District of Virginia for the first time in its reply brief, the Court gave Plaintiff 14 days to brief whether venue would be proper in the Eastern District of Virginia and, assuming that venue is proper in the Eastern District of Virginia, whether the case ought to be transferred there for the convenience of the parties and witnesses and in the interest of justice. Plaintiff opposed transfer to the Eastern District of Virginia.

II.     Analysis

It is well-established that "a court's authority to transfer cases under § 1404(a) [or 1406] does not depend upon the motion, stipulation, or consent of the parties to the litigation." *Robinson v. Town of Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990); *Nicholas v. Conseco Life*

*Ins., Co.*, 2012 WL 1831509, at 3 n. 2 (N.D Ill. May, 17, 2012) (a district court may transfer under § 1404(a) on its own motion); see also *Shaddix v. Keeton Corrections, Inc.*, 2012 WL 4574739, at *1 (W.D. Wis. Oct. 4, 2012) ("a district court may transfer a case on its own motion under § 1406, and has broad discretion in deciding to do so") (citing *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987)). United argues that the case should be dismissed for improper venue under Rule 12(b)(3) or, in the alternative, that the case should be transferred to the Southern District of Texas or the Eastern District of Virginia under §§ 1404(a) or 1406(a). Plaintiff latest filing continues to argue that the Northern District of Illinois is the proper venue because her complaints of Title VII violations were investigated and handled by United's Employee Compliance Department, which is located at United's headquarters in Chicago. Plaintiff concedes that the underlying conduct occurred in Virginia.

### A. Rule 12(b)(3)

Rule 12(b)(3) allows a defendant to seek dismissal for "improper venue." Fed. R. Civ. P. 12(b)(3). Defendant did not raise its 12(b)(3) argument until its second motion to dismiss, filed approximately three weeks after its first motion to dismiss. Plaintiff contends that United has waived its ability to seek dismissal under Rule 12(b)(3) because United's first Rule 12(b) motion did not seek dismissal on venue grounds. For the reasons stated below, because the Court concludes that transfer, as opposed to dismissal, is the appropriate course, the Court declines to address the parties' waiver arguments.[1]

---

[1] United's potential waiver under Rule 12(g)(2) of its Rule 12(b)(3) motion to dismiss does not foreclose it from seeking transfer under § 1404(a). See *Carter v. Clark Material Handling Co.*, 1998 WL 89244, at *2 (N.D. Ill. Feb. 17, 1998) ("While a 12(b)(3) motion to dismiss for improper venue must be filed before the answer, a motion to transfer venue may be filed at any time."); *Marsh v. Sun Host, Inc.*, 1989 WL 8619, at *1 (N.D. Ill. Feb. 1, 1989) (same); 14D Wright, Miller & Cooper, supra, § 3829, at 749 ("Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or in a responsive pleading.").

### B. Sections 1404 and 1406

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought * * *." 28 U.S.C. § 1404(a). Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1404(a) may be invoked only if venue is proper in the district where the case was filed. See 15 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3844, at 33 (3d ed. 2007 & Supp. 2013) ("[t]ransfer under Section 1404(a) is possible only if venue is proper in the original forum"). By contrast, § 1406(a) may be invoked only if venue is improper in the district where the case was filed. See *In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008); *Schwarz v. Sellers Markets, Inc.*, 812 F. Supp. 2d 932, 939 (N.D. Ill. 2011). Given this distinction between § 1404(a) and § 1406(a), analysis of a transfer motion ordinarily commences with deciding whether venue is proper in the district where the case was filed. That determination is unnecessary in this case. For the reasons given below, if venue were proper here, then the court would transfer the case to the Eastern District of Virginia under § 1404(a), and if venue were improper here, then the court would do the same thing under § 1406(a). Because the same result obtains under either provision, the Court need not decide which one applies.

### C. Section 1404(a)

A case may be transferred under § 1404(a) if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp.

1014, 1017 (N.D. Ill. 1998); see also *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010). All three requirements are satisfied here.

1.   **Venue in the Transferor and Transferee Courts**

As the parties acknowledge, venue in Title VII cases is governed by Title VII's exclusive venue provision, which provides in relevant part that such cases:

> may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added). The court assumes for purposes of the § 1404(a) analysis that venue is proper in this District. As set forth below, analysis under § 2000e-5(f)(3) shows that venue is proper in the Southern District of Texas or in the Eastern District of Virginia.

According to Defendants (and confirmed by Plaintiff's own allegations), the crux of this case is the alleged failure of Dulles-based managers to take action in response to Plaintiff's complaint. Those managers, including Mary Kay Panos, Richard Reyes, Alex Barreto, George Bellomusto, and Denise Robinson-Palmer, are all based at Washington Dulles Airport in northern Virginia. Alice Zauner, the Corporate Human Resources Manager, investigated one of Pryor's complaints (with the help of local management) and another human resources manager, who is based in Dulles, investigated her second complaint. Plaintiff claims that the situs of material events is the Employee Compliance Department in Chicago, but Plaintiff's support for this claim is her belief and her interpretation of a deposition in an unrelated matter, which is not persuasive.[2] Similarly, Plaintiff claims that the "vast majority of United's sources of proof are

---

[2] Plaintiff points to deposition testimony by a United employee, Diane Gist, in a previous case suggesting generally that investigation files related to employment cases are maintained in Chicago. First, the

located at its headquarters in Chicago," but this assertion also is founded on her belief and unrelated deposition testimony. As set forth in the declaration of Diane Gist, hard copy investigation files related to Pryor's complaints are housed in Dulles, Virginia. See Gist Decl. ¶¶ 9-10. George Bellomusto, a Dulles-based employee, investigated Pryor's complaint in late 2011 and maintained his own hard copy investigation files at Washington-Dulles. Gist Decl. ¶¶ 3, 9. Further, the managers implicated in Pryor's complaint also created and maintained their own files related to the claims made by Pryor and those files also are maintained at Washington-Dulles. Gist Decl. ¶ 10. United's maintenance of these relevant documents in the Eastern District of Virginia make it a proper venue. See *Johnson v. Potter*, 2007 WL 1118403, at *2 (N.D. Ill. Apr. 13, 2007) (finding venue proper in the district where plaintiff's "official employment records, labor relations records, and EEOC files are housed"); *Bell v. Woodward Governor Co.*, 2004 WL 1498145, at *2 (N.D. Ill. July 2, 2004) (finding venue proper in the district where "the open position request, job posting, job applications, job offer, and other employment records * * * are maintained and administered"). Accordingly, the Eastern District of Virginia satisfies Title VII's venue provisions as both the judicial district in which the unlawful employment practice is alleged to have been committed and a judicial district in which the employment records relevant to such practice are maintained and administered.

Further, the Eastern District of Virginia also is a proper venue under Title VII as the "judicial district in which the aggrieved person would have worked but for the alleged unlawful

---

previous case involved a Chicago-based flight attendant, whereas Plaintiff was based in Dulles at the time of the incidents in question and is now based in Houston. Second, Gist testified about the practice for obtaining investigation files in general, not with respect to any specific case. Gist did not testify about how she would obtain the investigation files related to Plaintiff Pryor. Gist noted that for tracking purposes, information about compliance issues is centralized; however, United's Employee Compliance Department does not conduct all of the investigations related to compliance issues. Moreover, other relevant employment records such as Plaintiffs' personnel files reside in Houston, Texas. At most, this testimony suggests that some relevant records are maintained in Chicago; it does not cast doubt on United's submission that other documents are maintained at Dulles Airport and in Houston.

7

employment practice." In her opposition, Plaintiff claims that she "requested a transfer to Houston * * * in order to distance herself from United's failure to prevent, investigate, and correct the harassment." See Plaintiff's Resp. at 11. Accordingly, Plaintiff alleges that but for United's actions, she still would be working out of Washington-Dulles, which is within the Eastern District of Virginia.

The Southern District of Texas also is a proper venue under Title VII as a "judicial district in which the employment records relevant to such practice are maintained and administered."  42 U.S.C. § 2000e-5(f)(3) Plaintiff's employment records are maintained by United in the Southern District of Texas, where Plaintiff currently works and resides.

### 2. Convenience and the Interests of Justice

Because venue is proper in the transferor and transferee districts, the § 1404(a) analysis turns on the convenience of the parties and the witnesses and on the interests of justice. These two inquiries are distinct. See *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219. The moving party bears the burden of demonstrating that a transfer is warranted under § 1404(a). See *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); see also *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (moving party has the burden of establishing "that the transferee forum is clearly more convenient," based on the particular facts of the case). The district court has the authority to "make whatever factual findings are necessary * * * for determining where venue properly lies." *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008).

In evaluating § 1404(a) motions, the Court considers: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the interests of justice, and (5) the location of the material events giving rise to the case. See *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (listing the first four statutory factors); see also *Continental Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, *2-3 (N.D. Ill. Sept. 18, 2009) (elaborating on sub-factors). The Seventh Circuit teaches that the specified statutory factors "are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey*, 796 F.2d at 219 n.3; see also *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (explaining that the broad discretion accorded the trial court is a product of the "in the interest of justice" language).

The first factor, plaintiff's choice of forum, typically is accorded significant weight, *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003), unless none of the relevant conduct occurred in that forum, *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Regarding the second factor, convenience of the parties, courts consider the residences and resources of the parties—in essence, their "abilit[y] to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Examination of the third factor, convenience of the witnesses, emphasizes "the nature and quality of the witnesses' testimony." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007). The fourth factor, interests of justice, captures several considerations, including "the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and the state of the court calendar both in the District where the case is pending, and in the District to which it is sought to have the case transferred." *Igoe*, 220 F.2d at

9

303; see also *Nat'l Presto Indus.*, 347 F.3d at 664 (discussing the "subpoena range" of the district court). Courts also consider their familiarity with the applicable law and "the desirability of resolving controversies in their locale." *Rabbit Tanaka Corp. USA v. Paradise Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009). And, as previously discussed, the fifth factor, location of material events, becomes comparably more important when it differs from the first factor, plaintiff's choice of forum. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007) (citing *Igoe*, 220 F.2d at 304).

The first factor, the plaintiff's choice of forum, carries little weight in this case. Although a plaintiff's choice of forum generally deserves deference, see *Fed. Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge*, 592 F.2d 364, 368 (7th Cir. 1979), the deference owed here is substantially reduced because Plaintiff does not reside in this District—indeed, she resides in the Southern District of Texas. See *C. Int'l, Inc. v. Turner Constr. Co.*, 2005 WL 2171178, at *1 (N.D. Ill. Aug. 30, 2005) ("Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise.") (collecting cases); *Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987) (same); 15 Wright, Miller & Cooper, supra, § 3848, at 130 ("if the plaintiff is not a resident of the forum, then the plaintiff's forum choice is entitled to less deference").

The third factor, the ease of access to proof, is neutral. "When documents are easily transferable, access to proof is a neutral factor." *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006). Moreover, "[t]his is not a case in which the parties need access to non-documentary proof located in another forum." *Stanley v. Marion*, 2004 WL 1611074, at *3 (N.D. Ill. July 16, 2004). Although United has centralized at least some human resources functions in Chicago and maintains documents there, there is no reason to think that

the documents cannot easily (and electronically) be transferred to Virginia or Texas. See *Nero v. Am. Fam. Mut. Ins. Co.*, 2011 WL 2938138, at *3 (N.D. Ill. July 19, 2011); *Handler v. Kenneth Allen & Assocs., P.C.*, 2011 WL 1118499, at *3 (N.D. Ill. Mar. 24, 2011) (where "documents are easily transferrable, access to proof is a neutral factor") (citation omitted).

The second factor, the situs of material events, favors transfer to Virginia. Plaintiff asserts that the main event in this case is United's decision not to prevent, investigate, and remediate the harassment that she suffered at Dulles and in airplane cabins around the world. Based on her beliefs and Gist's deposition testimony in a different case, she maintains that the decision must have occurred in Chicago. But even if the decision was made in Chicago, Plaintiff cites no authority for the proposition that the place where the decision was made, rather than the place where the employee felt the decision's effects, is the more pertinent situs. Instead, the case law suggests that the most significant situs generally is the place where the relevant decision's effects were felt. See *Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, 2012 WL 1886440, at *19 (N.D. Ill. May 22, 2012) ("Even assuming arguendo that all relevant employment decisions were made outside Illinois, neither Florida nor California constitute the situs of all material events because [the plaintiff] Nathan lived and worked in Illinois and felt the effects of [the defendant's] unlawful conduct here."); *Digan v. Euro-Am. Brands, LLC*, 2010 WL 3385476, at *4 (N.D. Ill. Aug. 19, 2010); *McDonald v. Am. Fed'n of Musicians of U.S.A. & Canada, AFL-CIO*, 308 F. Supp. 664, 670 (N.D. Ill. 1970). The effects of United's alleged harassment, discrimination, and retaliation were felt by Plaintiff where she lived and worked, not in Chicago.

The fourth and fifth factors, the convenience of the parties and the witnesses, favor transfer. The Northern District of Illinois is no more convenient to Plaintiff than the Eastern District of Virginia. Plaintiff currently is employed and resides in the Southern District of Texas

and accordingly that venue would be a more convenient location for her to attend depositions or hearings in this case. But Plaintiff states that "her convenience is not a significant issue." Because Plaintiff's current employment and residence is the strongest factor in favor of Texas, and Plaintiff has basically disavowed consideration of "her convenience," the Court focuses on the Eastern District of Virginia, as it satisfies three of Title VII's venue factors (the judicial district in which the unlawful employment practice is alleged to have been committed, in which the employment records relevant to such practice are maintained and administered, and in which the aggrieved person would have worked but for the alleged unlawful employment practice).

The Eastern District of Virginia is far more convenient to United, given that most of the individuals identified in the complaint work out of Dulles Airport, including Plaintiff's immediate supervisors and at least one (Bellomusto) of the two United employees who investigated Plaintiff's complaints. See *Nero*, 2011 WL 2938138, at *3 ("The District of Colorado * * * is more convenient than the Northern District of Illinois to Defendants, whose claims adjusters—likely to be key fact witnesses—are located in Colorado."); *Shakir Dev. & Constr., LLC v. Flaherty & Collins Constr., Inc.*, 2011 WL 2470887, at *3 (N.D. Ill. June 21, 2011) (holding that "the potential disruption to Defendants of requiring their employees to travel to Illinois to testify" favors transfer); *Orthoflex, Inc. v. Thermotek, Inc.*, 2010 WL 5069700, at *4 (N.D. Ill. Dec. 3, 2010) ("One consideration in the convenience of the parties analysis is the cost that parties must incur in making their employees available for deposition and trial."). Plaintiff points to a few potential witnesses who work in Chicago, but those witnesses are higher-level United employees, and given United's preference for the Eastern District of Virginia, United should be expected to make pertinent Chicago-based employees available for deposition either in Chicago or in the Eastern District of Virginia, depending on Plaintiffs' preference, and to bring

those witnesses to trial if the transferee court deems it appropriate. Taken as a whole, the convenience factors strongly favor transfer.

The interest of justice factors do so as well. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (internal quotation marks and citations omitted); see also *Coffey*, 796 F.2d at 221 ("Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system."). The familiarity factor is neutral because all three districts are equally familiar with the federal discrimination statutes at issue here. See *Cent. States, Se. & Sw. Areas Pension Fund v. Ehlers Dist., Inc.*, 2012 WL 581246, at *4 (N.D. Ill. Feb. 22, 2012) ("The second factor, familiarity with relevant law, also is a wash. The ERISA and MPPAA principles at issue in this case are federal, leaving both courts fully capable of resolving the legal issues presented by the Fund's suit."); Powell v. Sparrow Hosp., 2010 WL 582667, at *5 (N.D. Ill. Feb. 12, 2010).

By contrast, the other public interest factors favor transfer. "To assess the relative speed with which the case will be resolved, the Court looks to the Federal Court Management Statistics for (1) the median months from filing to disposition and (2) the median months from filing to trial." *Powell*, 2010 WL 582667, at *5 (internal quotation marks omitted); see also *Nero*, 2011 WL 2938138, at *4. The most recent figures show a modest difference concerning the median months from filing to disposition—5.0 months in the Eastern District of Virginia versus 6.6 months here and 7.5 in the Southern District of Texas—and a truly substantial difference

13

concerning the median months from filing to trial—10.2 months in the Eastern District of Virginia versus 34.5 months here and 22.2 months in the Southern District of Texas. See Federal Court Management Statistics, March 2013, District Courts, available at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics. Moreover, because Plaintiffs and most of the individuals involved in this case worked out of Dulles Airport, the Eastern District of Virginia has a stronger relationship to the controversy and a greater interest in resolving it. See *Research Automation*, 626 F.3d at 978; *Publ'ns Int'l, Ltd. v. HDA, Inc.*, 2007 WL 1232199, at *3 (N.D. Ill. Apr. 18, 2007); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 835 (N.D. Ill. 1999); *Hayley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998). In sum, with the convenience and interest of justice factors both strongly favoring transfer, the Court exercises its discretion to transfer the case to the Eastern District of Virginia.[3]

## III. Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendant's motion to dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the case to the Southern District of Texas or the Eastern District of Virginia under 28 U.S.C. §§ 1404(a) or 1406(a) [22]. The Court declines to dismiss this case,

---

[3] Under § 1406(a), a court may "dismiss" the case or, "if it be in the interest of justice, transfer [the] case to any district * * * in which it could have been brought." 28 U.S.C. § 1406(a); see *Schwarz*, 812 F. Supp. 2d at 942. Here, even putting aside the fact that United does not seek dismissal under § 1406(a), the interests of justice counsel transfer, not dismissal. See *Kuvedina, LLC v. Pai*, 2011 WL 5403717, at *6 (N.D. Ill. Nov. 8, 2011) (electing transfer rather than dismissal under § 1406(a)); *Giles v. Cont'l Cas. Co.*, 2010 WL 481233, at *5 (S.D. Ill. Feb. 5, 2010) ("Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it * * * * Transfer * * * avoids the time-consuming and justice-defeating technicalities required to refile a case in [another] venue.") (internal quotation marks omitted); *Hole v. US Cellular*, 2007 WL 527483, at *3 (E.D. Wis. Feb. 13, 2007) (holding that transfer is "a more effective and efficient application of judicial resources"). This is particularly so given the possible statute of limitations problem Plaintiff would face—Title VII plaintiffs must file suit within ninety days of receiving the EEOC's right-to-sue letter—if the case were dismissed. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *Giles*, 2010 WL 481233, at *5; *Gwin v. Reynolds & Reynolds Co.*, 2001 WL 775969, at *2 (N.D. Ill. July 10, 2001).

but grants Defendant's request to transfer the case to the Eastern District of Virginia. The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Virginia. The Court denies as moot Defendant's other pending motion to dismiss [12], which Defendant may re-file in the Eastern District of Virginia if it so chooses.

Dated: August 23, 2013

_____
Robert M. Dow, Jr.
United States District Judge